MARJORIE S. NORTON AND WILLIAM J. NORTON, RE-SPONDENTS, v. COUNTY OF BERGEN, APPELLANT.

Submitted January 26, 1929—Decided July 25, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Stanton T. Lawrence.*

For the respondent, *De Turck & West.*

PER CURIAM.

This action was brought by the plaintiffs against the defendant to recover judgment for damages alleged to have been sustained as a result of the plaintiff Marjorie S. Norton, stepping into an opening which existed in the south passage walk of the Anderson street bridge, in the city of Hackensack, at the point where the movable span joined the stationary part of the bridge.

The case was tried before the judge, sitting without a jury, and he rendered judgment for the plaintiffs.

From the evidence the trial judge found as follows:

"I find from the testimony in this case that on November 1st, 1927, the plaintiff Marjorie S. Norton was walking westerly over the south passage walk of the Anderson street bridge, in the city of Hackensack, Bergen county, and at the point where the stationary part meets the movable span

of said bridge, her left foot and leg slipped through an opening which then existed between said stationary and movable span of said bridge; that on said November 1st, 1927, and for a long time prior thereto, and under the provisions of chapter 185 [*Pamph. L.* 1918], the board of chosen freeholders of Bergen county, the defendant herein, was chargeable by law with the construction, erection, rebuilding or repair of said Anderson street bridge; that the said bridge was so negligently constructed, rebuilt or in such negligent condition of repair as to permit the said opening to exist, resulting in said accident and damages. I find that the plaintiffs were free from contributory negligence. I further find that the plaintiff Marjorie S. Norton sustained damages in the sum of four hundred [$400] dollars, and the plaintiff William J. Norton sustained damages in the sum of seventy [$70] dollars."

Judgment was rendered for the plaintiff Marjorie S. Norton for $400 and for plaintiff William J. Norton for $70.

We see no reason to disturb this judgment.

The statute (*Pamph. L.* 1918, *ch.* 185, *art.* 13, § 1309) reads:

"In all cases where the board of chosen freeholders of a county, or boards of chosen freeholders of two or more counties, are chargeable by law with the construction, erection, rebuilding or repair of any viaduct or bridge, and the said board or boards shall wrongfully neglect to perform their duty in that behalf, by reason whereof any person or persons shall receive injury or damage in his, her or their persons or property, such person or persons may bring an action at law against said county or counties and recover judgment to the extent of all such damage sustained as aforesaid."

The defendant county argues that there should have been a nonsuit or a verdict directed for the defendant on the ground, which was urged on such motions at trial, that there was no evidence of "wrongful neglect" upon the part of the county, to which is added the argument that the judgment should have been for the defendant.

We are not impressed with these arguments.

We think the question whether or not there was wrongful neglect upon the part of the defendant in respect to the construction or repair of the bridge was, under the evidence, properly a question of fact for the determination of the trial judge, and that his finding upon that topic against the defendant is supported by the evidence. It was open to the judge, if he saw fit, to conclude from the conflicting evidence that the defendant left an opening about four and one-half inches in width at the point in the passage walk where plaintiff naturally walked and into which her foot and leg sank up to the knee, to her considerable injury. The question whether or not that was usual or proper construction was, under the evidence, for the determination of the judge, since he was sitting without a jury, and his conclusion that it was not seems to find support even in the testimony of the engineer called by the defendant.

The judgment will be affirmed, with costs.